IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SOUTHEASTERN CONSTRUCTION
& REHAB SPECIALIST, LLC,

    Plaintiff,

CIVIL ACTION NUMBER:
5:20-cv-00132

v.

GAC CONTRACTORS, INC.,
BERKLEY SURETY GROUP, LLC
and PALM BAY EDUCATION GROUP, INC.,

    Defendants.

## COMPLAINT

Plaintiff, SOUTHEASTERN CONSTRUCTION & REHAB SPECIALIST, LLC, a Georgia limited liability company, by and through its undersigned attorney, sues Defendants, GAC CONTRACTORS, INC., a Florida corporation, BERKLEY SURETY GROUP, LLC, a Delaware limited liability company, and PALM BAY EDUCATION GROUP, INC., a Florida corporation, and alleges:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, SOUTHEASTERN CONSTRUCTION & REHAB SPECIALIST, LLC ("SECR"), is a limited liability company created under the laws of the State of Georgia and having its principal place of business in Fulton

County, Georgia.  Dan Mucio, a citizen of the State of Georgia, is the sole member of SECR.

2. Defendant, GAC CONTRACTORS, INC. ("GAC"), is a for profit corporation created under the laws of the state of Florida and having its principal place of business in Bay County, Florida.

3. Defendant, BERKLEY SURETY GROUP, LLC ("Berkley"), is a limited liability company organized under the laws of Delaware and whose principal place of business is Morristown, New Jersey.  It is a wholly-owned subsidiary of W.R. Berkley Corporation (stock ticker: WRB), a Delaware corporation whose principal place of business is Greenwich, Connecticut.  Berkley's website describes it as an "operating unit" of W. R. Berkley Corporation, whose most recent 10-K filing describes each of its subsidiaries, including Berkley's as wholly-owned, none of which are domiciled in Florida.  Accordingly, the sole member of Berkley Surety Group, LLC is W.R. Berkley Corporation, a citizen of the states of Connecticut and Delaware.  In the event that Berkley Surety Group is comprised of additional unknown corporate members, there is no member whose citizenship includes the State of Georgia.

4. PALM BAY EDUCATION GROUP, INC. ("Palm Bay") is a Florida corporation having its principal place of business in Bay County, Florida

5. The amount in controversy in this matter, exclusive of interest and costs, exceeds $75,000.00.

6. Complete diversity of citizenship exists between the parties.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action between citizens of Florida, citizens of Georgia, and citizens of Delaware.

8. Venue is proper in the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 1391(b)(1) because GAC does business in the District and pursuant to 28 U.S.C. 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted in this complaint occurred within the District and within the Division and the property that is the subject of the action is situated there.

## ALLEGATIONS COMMON TO ALL COUNTS

9. At all times material hereto, Palm Bay was the owner of the "Palm Bay Prep Academy" in Bay County, Florida, located at 1104 Balboa Avenue and 1104 W. 11th Street, Panama City, Florida 32401. On March 18, 2019, Palm Bay and GAC entered into a construction contract for the improvement of the Palm Bay Prep Academy. The construction contract between Palm Bay and GAC is hereafter referred to as the "Prime Contract" and the construction project is hereafter

referred to as the "Project." A copy of the Prime Contract is attached hereto as **Exhibit 1**.

10. On or about April 25, 2019, in furtherance of the Prime Contract, GAC, as general contractor, and SECR, as subcontractor, entered into a construction subcontract for certain scopes of work to be performed on the Project (the "Subcontract"). Pursuant to the Subcontract, SECR agreed to furnish general conditions, demolition work, concrete work, masonry work, sidewalk and block repairs, HVAC work, door and wall framing, and insulation work for which GAC agreed to pay SECR an initial contract sum of $4,645,318.00. A true and correct copy of the Subcontract is attached as **Exhibit 2**.

11. On or about March 27, 2019, Palm Bay recorded its Notice of Commencement for the Project in the Bay County Official Records. A true and correct copy of the Notice of Commencement is attached hereto as **Exhibit 3.**

12. Pursuant to the Prime Contract and Section 255.05, Florida Statutes, GAC and Berkley executed and delivered Payment Bond No. 0221651 for the Project (the "Payment Bond"). The Payment Bond is dated March 18, 2019, and issued by Berkley in the total amount of $4,190,322.00. A true and correct copy of the Payment Bond is attached as **Exhibit 4**. Pursuant to the Payment Bond, Berkley guaranteed the payment and performance of all of GAC's obligations to SECR under the Subcontract.

13. Palm Bay failed to attach the Payment Bond to the Notice of Commencement, as required by Section 713.13(e), Florida Statutes, rendering the Payment Bond a common law bond, and precluding the exemption from liens provided by Sections 713.02(6) and 713.23, Florida Statutes.

14. SECR began work on the Project in or around March 2019 and completed its last work on the Project on March 26, 2020. During this time period, SECR and GAC entered into numerous change orders totaling $11,781,197.23 bringing the total Subcontract price to $16,426,515.23. Attached hereto as **Composite Exhibit 5** is a summary of the change order dates and amounts followed by the actual change orders (the "Change Orders").

15. The Change Orders were approved by GAC and once approved, GAC required SECR to obtain and pay for increases in its own project surety bonding limit such that SECR's surety bond would be in an amount commensurate with the total Subcontract price. Attached hereto as **Composite Exhibit 6** are SECR's surety bond, with all riders as required by GAC in conjunction with GAC's approval of the Change Orders.

16. SECR timely and properly submitted 7 payment applications for work performed on the Project. SECR was paid in full on payment applications 1 through 4 and was partially paid what it is due on payment applications 5 and 6. SECR was not paid at all what it is due under payment application number 7.

17. Specifically, SECR is owed the following amounts under the payment applications submitted pursuant to work performed under the Subcontract:

|  | **Immediately Due** | **Retainage** |
|---|---|---|
| Application Number 1 | $0 | $ 55,361.00 |
| Application Number 2 | $0 | $135,805.55 |
| Application Number 3 | $0 | $ 73,978.32 |
| Application Number 4 | $0 | $270,125.00 |
| Application Number 5 | $300,360.25 | $336,576.65 |
| Application Number 6 | $1,952,641.90 | $216,960.21 |
| Application Number 7 | $2,878,172.10 | $319,796.90 |
| Total: | $5,131,174.25 | $1,408,603.63 |

The total amount unpaid under the Subcontract totals $6,539,777.88 and is hereafter referred to as the "Balance Due."

18. SECR has made numerous demands for payment of the Balance Due from GAC but GAC has refused to pay SECR what it is owed. Rather than pay GAC what it is owed, beginning in late 2019, GAC began pretextually demanding documentation from SECR related to SECR's labor and materials for the work performed on the Project. However, because the Subcontract is a fixed price or "lump sum" contract that contemplates a set price for work to be performed, as are the Change Orders, SECR has no legal obligation to provide this documentation. Because it was not required by the terms of the Subcontract, SECR has not maintained all such documentation over the course of the Project because there

was no need to do so.  Nevertheless over a several month period from late 2019 through the date of this complaint, SECR provided GAC with as much documentation relevant to GAC's request as it was able to provide.  However, GAC continues to refuse to pay the Balance Due.

19. On December 3, 2019, as a result of GAC's refusal to pay any amount of the Balance Due, SECR served a Notice of Nonpayment on GAC, Berkley, and Palm Bay, a true and correct copy of which, together with proof of service, is attached as **Exhibit 7**.

20. On April 10, 2020, after months of continued non-payment, SECR served a corrected and updated Notice of Nonpayment pursuant to Sections 713.23 and 255.05, Florida Statutes, on GAC and Berkley, a true and correct copy of which, together with proof of service, is attached as **Exhibit 8**.  Despite receiving both notices of non-payment, Berkley has refused to pay SECR the Balance Due.

21. On or about March 26, 2020, GAC wrongfully and without cause terminated the Subcontract without giving proper notice and opportunity to cure the alleged bases for the termination.  A copy of the GAC's improper termination notice is attached hereto as **Exhibit 9**.

22. As of the date of GAC's wrongful termination, the labor, services, and materials provided by SECR to the Project under the Subcontract had a total value of $15,072,890.23, of which $6,539,777.88 remains unpaid and of which

$1,507,289.02 constitutes retainage. Palm Bay and GAC have accepted and incorporated SECR's labor, services, and materials into the Project.

23. GAC has breached the Subcontract with SECR by wrongfully terminating SECR and by failing to pay SECR the Balance Due.

24. SECR has been damaged in the amount of $6,539,777.88 for the work completed on the Project prior to the wrongful termination, plus other direct, indirect, and consequential damages.

25. SECR has been damaged in an amount to be determined for its lost profits and overhead contribution on the subcontract work it was not permitted to perform as a result of the wrongful termination.

26. The Subcontract contains a dispute resolution provision that requires the parties to mediate this dispute. SECR consents, in advance, to a stay of this litigation pending the outcome of the required mediation.

## COUNT I – BREACH OF CONTRACT (against GAC)

27. This is an action for breach of contract against Defendant, GAC Contractors, Inc.

28. SECR adopts by reference paragraphs 1 through 11 and 14 through 26 above into this count.

29. GAC's failure to pay SECR the Balance Due is a material breach of the Subcontract.

30. GAC's wrongful termination of the Subcontract is a material breach of the Subcontract.

31. Out of a total value of SECR's work of $16,426,515.23, there remains $6,539,777.88 due and owing, of which $1,507,289.02 is retainage.

32. As a direct and proximate result of GAC's material breach, SECR has been damaged.

33. All conditions precedent and statutory requisites to the maintenance of this cause of action have occurred, been performed, or waived.

WHEREFORE, Plaintiff, Southeastern Construction & Rehab Specialist, LLC, respectfully requests that this Court enter judgment in its favor and against Defendant, GAC Contractors, Inc. for damages, the costs of this action, prejudgment interest and any for any such other and further relief as the Court deems proper.

## COUNT II – UNJUST ENRICHMENT (against GAC)

34. This is an action for unjust enrichment against Defendant, GAC Contractors, Inc.

35. SECR adopts by reference each and every allegation paragraphs 1 through 11 and 14 through 26 above into this count.

36. SECR conferred a benefit upon GAC with GAC's knowledge and consent.

37. GAC voluntarily accepted, used, and retained the benefit conferred by SECR.

38. GAC was unjustly enriched as a result of the labor, services, and materials performed by SECR to GAC.

39. Under the circumstances, it would be inequitable for GAC to retain such benefit without reimbursing SECR for the value of the labor, services, and materials provided by SECR.

40. All conditions precedent and statutory requisites to the maintenance of this cause of action have occurred, been performed, or waived.

WHEREFORE, Plaintiff, Southeastern Construction & Rehab Specialist, LLC, respectfully requests that this Court enter judgement against Defendant, GAC Contractors, Inc., for damages, prejudgment interest, the costs of this action, and for any such other and further relief as the Court deems proper.

## COUNT III – QUANTUM MERUIT (against GAC)

41. This is an action for quantum meruit against Defendant, GAC Contractors, Inc.

42. SECR adopts by reference paragraphs 1 through 11 and 14 through 26 into this count.

43. Between in or around March 2019 and March 26, 2020, SECR, at the instance and request of GAC, and for its use and benefit, furnished materials, services, and labor for the Project.

44. The material, services, and labor have a reasonable value of $15,072,890.23 of which $6,539,777.88 remains uncompensated.

45. Payment has been demanded, but GAC has refused to pay the sum or any part.

WHEREFORE, Plaintiff, Southeastern Construction & Rehab Specialist, LLC, respectfully requests that this Court enter judgement against Defendant, GAC Contractors, Inc., for damages, prejudgment interest, the costs of this action, and for any such other and further relief as the Court deems proper.

**COUNT IV – CLAIM AGAINST PAYMENT BOND (against Berkley)**

46. This is an action for a claim against the Payment Bond issued by Defendant, Berkley Surety Group, LLC.

47. SECR adopts by reference paragraphs 1 through 26 into this count. .

48. Berkley's failure to pay SECR the Balance Due is a material breach of the Payment Bond that has damaged SECR.

49. All conditions precedent and statutory requisites to the maintenance of this cause of action have occurred, been performed, or waived.

50. SECR has retained the undersigned attorneys to bring this action and is obligated to pay them a reasonable fee for their services and costs, for which Berkley is liable pursuant to Sections 627.428, and 627.756, Florida Statutes.

WHEREFORE, Plaintiff, Southeastern Construction & Rehab Specialist, LLC, respectfully requests that this Court enter judgment in its favor and against Defendant, Berkley Surety Group, LLC, for damages, the costs of this action, prejudgment interest, attorneys' fees, and for any such other and further relief as the Court deems proper.

## COUNT V – FORECLOSURE OF CONSTRUCTION LIEN
### (against Palm Bay)

51. This is an action to foreclose a construction lien under Chapter 713, Florida Statutes.

52. SECR adopts by reference paragraphs 1 through 26 into this count.

53. SECR timely served a Notice to Owner as required by Section 713.06, Florida Statutes. A copy of the Notice to Owner and proof of service are attached as **Exhibit 10**.

54. Upon GAC and Berkley's failure to pay the Balance Due, SECR timely and properly recorded a Claim of Lien against the Project. The Claim of

Lien was recorded in the Public Records of Bay County, Florida at Book 4241 Pages 2364-2365 (the "Claim of Lien") and duly and properly served via personal service. A true and correct copy of the Claim of Lien and return of service evidencing service are attached hereto as **Composite Exhibit 11.**

55. Palm Bay owes SECR $6,539,777.88 on principal under the Claim of Lien.

56. Palm Bay's failure to pay the Balance Due in the amount stated in the Claim of Lien is a breach of the Subcontract and SECR is entitled to foreclose its Claim of Lien under Florida's Construction Lien Law.

57. This action is brought with one year of recording the Claim of Lien.

58. All conditions precedent and statutory requisites to the maintenance of this cause of action have occurred, been performed, or waived.

59. SECR has retained the undersigned attorneys to bring this action and is obligated to pay them a reasonable fee for their services, for which Palm Bay is liable in accordance with Section 713.29, Florida Statutes.

WHEREFORE, Plaintiff Southeastern Construction & Rehab Specialist, LLC, respectfully requests that this Court order as follows:

a. That a lien in favor of SECR exists in the amount of $6,539,777.88 on principal, plus pre-judgment interest, attorney's fees, and the costs of this action;

b. That SECR's lien be foreclosed and the Project sold by order of this Court to satisfy SECR's claim;

c. That all persons claiming under, through or against Palm Bay since the priority granted to SECR through its lien be foreclosed;

d. That in the event that Palm Bay's equity in the Project is insufficient to pay its claim in full, that a deficiency judgment be entered against Palm Bay; and,

e. That the Court grant such other and further relief as it would deem appropriate.

Dated this 30th day of April, 2020.

                                        Respectfully submitted,

                                        */s/ Keith L. Bell, Jr.*
                                        Keith L. Bell, Jr., FLB #573809
                                        CLARK PARTINGTON
                                        106 East College Avenue, Suite 600
                                        Tallahassee, FL 32301
                                        (850) 320-6838
                                        PE: kbell@clarkpartington.com
                                        SE: hrice@clarkpartington.com

                                        Bruce D. Partington, FLB #871508
                                        CLARK PARTINGTON
                                        125 East Intendencia Street, 4th Floor
                                        Pensacola, FL 32502
                                        (850) 434-9200
                                        PE: bpartington@clarkpartington.com
                                        SE: bdearman@clarkpartington.com
                                        SE: jcarruth@clarkpartington.com

                                        *Counsel for Plaintiff*